UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKUR CARRASQUILLO,

                          Petitioner,

          -against-

SUPERINTENDENT, Wende Correctional
Facility,

                          Respondent.

25-CV-1030 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

On January 24, 2025, the Court received from Petitioner documents captioned for the Appellate Division, First Department, together with a cover letter indicating that he was submitting a copy of his state court motion. Because it was unclear whether Petitioner wished to bring a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging his conviction in federal court, the Court opened this matter on the docket as a new action and directed Petitioner, if he wished to proceed with a Section 2254 petition, to pay the $5.00 filing fee or apply to proceed *in forma pauperis*. Petitioner did neither, and the Court therefore dismissed this action without prejudice to Petitioner's refiling it and entered judgment.

Petitioner now moves for reconsideration, asking that this matter be "de-filed" because his application was merely "a CC copy" of his motion to New York's Appellate Division and was not intended as an original filing in federal court. (ECF 7.)  He states that he provided the federal court a copy of his state court application for "record keeping purposes," in order to have proof in case the state court "ignored" his filing. For the reasons set forth below, the motion for reconsideration of the dismissal without prejudice must be denied.

**DISCUSSION**

Petitioner's motion makes clear that this application was not intended as a Section 2254 petition in federal court. This action was dismissed wholly without prejudice to Petitioner. Because there was no adjudication on the merits, nothing in this action prevents Petitioner from bringing a Section 2254 petition challenging this petition. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("A *habeas* petition filed in the district court after an initial *habeas* petition was unadjudicated on its merits . . . is not a second or successive petition."); *Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002).  Nevertheless, matters already appearing on the docket cannot be unfiled as Petitioner requests, and the motion is therefore denied.

For Petitioner's benefit, the Court notes that a state prisoner seeking *habeas corpus* relief in federal court under Section 2254 generally must file a petition within one year from the latest of four benchmark dates: (1) when the state judgment of conviction becomes final; (2) when a government-created impediment to filing the Section 2254 petition is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court of the United States, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Post-judgment applications filed in state court before the one-year deadline in § 2244(d)(1) expired can sometimes toll the deadline for filing a Section 2254 petition in federal court. *See* 28 U.S.C. § 2244(d)(2); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").

**CONCLUSION**

Petitioner's motion for reconsideration (ECF 7) is denied because this action cannot be unfiled. Petitioner indicates that he did not intend to bring a federal *habeas* petition. This action was dismissed without prejudice because no filing fee was paid, without any adjudication on the merits. The action remains closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 30, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge